UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE A., | Case No. 26-CV-160 (NEB/EMB) |
| Petitioner, | |
| v. | |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and DAVID EASTERWOOD, Acting Director, Fort Snelling Field Office Immigration and Customs Enforcement, | ORDER |
| Respondents. | |

This matter is before the Court on petitioner Jose A.'s Emergency Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Jose A. is a citizen of El Salvador who maintains valid Temporary Protected Status. (*Id.* ¶¶ 2, 15, 34; ECF No. 2-1; ECF No. 2-2.) He entered the United States without inspection in August 1993. (*Id.* ¶ 33.) Respondents took Jose A. into custody on or about January 9, 2026. (*Id.* ¶ 36.)

In its Order to Show Cause issued on January 12, 2026, the Court directed Respondents to explain, in their answer, why Petitioner's detention is not barred by 8 U.S.C. Section 1254a(d)(4), which provides that "[a]n alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." (ECF No. 4 at 2.[1]) Respondents did not respond to this request. (ECF No. 5.) Because Respondents have failed to show that Jose A.'s detention is not based on his immigration status, the Court grants the Petition for Writ of Habeas Corpus and orders Jose A.'s immediate release.

Instead of engaging with 8 U.S.C. Section 1254a(d)(4), Respondents assert that Jose A.'s Petition raises the same legal and factual issues as the habeas petitions that dispute whether 8 U.S.C. Section 1225(b)(2) or Section 1226 applies to noncitizens who have been residing in the United States after entering the country without inspection. (*Id.*) The Court has already concluded that these individuals are subject to Section 1226 under the law. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but Jose A. was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

---

[1] All page citations to the record reference ECF pagination.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25 CV 3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). Respondents concede that the Court's prior decisions control Jose A.'s Petition. (*See* ECF No. 5.) The Court therefore grants the Petition for Writ of Habeas Corpus.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Jose A.'s Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as follows. The Court:

    a.    DECLARES that Jose A. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

    b.    ENJOINS Respondents from denying release or other relief on the basis that Jose A. is subject to mandatory detention under § 1225(b)(2);

    c.    ORDERS that Respondents **immediately release** Jose A. from custody in Minnesota; and

    d.    ORDERS that, within **two days**, Respondents confirm Jose A.'s release and provide the Court with a status update concerning whether Respondents have informed Jose A.'s Counsel of his location and allowed a family member to deliver his medications to the facility where he is detained.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 15, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge